918 F.2d 186
 37 Cont.Cas.Fed. (CCH) 76,024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lonnie Gene PARTOUT, Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1306.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1990.
 
 Before RICH, Circuit-Judge, SKELTON and BALDWIN, Senior Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Lonnie Gene Partout appeals from the December 12, 1989 decision of the Interior Board of Contract Appeals (Board), Case No. IBCA-2280, denying Partout's claim for excess costs incurred in the performance of a contract for timber stand improvement. We affirm.
 
 OPINION
 
 2
 Partout's primary argument to the Board was that it was reasonable for him to construe the contract as requiring him to stack the "slash" in piles for burning only within 20 feet of roads, and allowing him to "lop and scatter" the slash throughout the remainder of the work area. As support for this argument, Partout maintains that the phrase "near by openings" in the contract[1] refers only to openings which existed prior to Partout's thinning operation ("natural openings"), and that the only such opening was along the road.
 
 
 3
 We disagree for the same reasons set forth by the Board. The contract as a whole was clearly intended to be a "stack and burn," rather than a "lop and scatter," contract. As originally written, the contract provided for stacking and burning only in the first stage of the contract. Only in the second stage was "lop and scatter" even an option, and then only if stacking and burning was not possible. The January 1986 modification of the contract removed the two stage performance requirement, but still provided that the primary method for disposing of slash would be through stacking and burning.
 
 
 4
 With this in mind, Partout's interpretation was unreasonable. To interpret the contract as Partout would have us do would entirely change the contract to be predominately "lop and scatter" rather than "stack and burn." Such an interpretation would be contrary to the clear intent of the contract.
 
 
 5
 In his brief to this court, Partout points to language in the original solicitation (CA-950-RFQ5-23) which specifically refers to "natural openings." First, we point out that this language is not part of the contract made under the second solicitation. Second, even if relevant, this language merely reinforces the unreasonableness of Partout's interpretation, because it shows that had the government intended that slash be burned only in "natural openings" (i.e., openings in existence prior to Partout's thinning operation), it would have said so in the second solicitation.
 
 
 
 [1]
 Part I, Section C Description/Specifications, Subsection II.D provides that:
 Slash ... will be hand piled in near by openings for burning.... Slash that cannot be hand piled (i.e., where no openings are present) will be lopped and scattered....